*372
Curia-, per

Evans, J.
This court concur in the legal principles laid down by the Recorder in the charge to the jury, and are entirely satisfied with the verdict. If there be any error, it is in his decision on the variance between the allegations in the declaration of demand and notice and the proof. The declaration contains the usual aver-ments of demand on the maker, and notice to the indorser ; and the recorder decided that it was sufficient to prove a state of facts which dispenses with actual demand and notice. It is a general rule, that every material av.erment must be proved, and where the plaintiff’s right of action depends on his doing some act. he must in general set out the excuse for non-performance. A general averment of performance will not suffice. I suppose it is now well established, that if the indorser, with a knowledge that no demand has been made, nevertheless promises to pay, he will be bound by it. His liability to pay is conditional, and it is perfectly competent for him to waive the condition, and this waiver, it would seem to me, might well be considered as superceding the necessity of proving the demand and notice as laid in the declaration. Upon this subject we are not all agreed, and therefore no definite opinion can be expressed. But we are all of opinion the plaintiff is entitled to retain his verdict. It seems from the evidence that Mathews had become liable to pay, and did subsequently pay to Sparkman, the price of a mare which Fogg had purchased from him. This note, then, eight months over due, was given by Fogg to the plaintiff as collateral security for the money he was bound to pay, and did pay to Sparkman; at the same time promising to pay whatHuson, the drawer, did not, on his return, which would be in three or four weeks. It would seem Huson paid only twenty-five dollars, and this action is for the remainder. The declaration contains a count on the note as indorsee against indorser, with money counts, and there can be no doubt the action would lie for money paid for the use of the defendant, and at his request, to Sparkman. In this view of the case, the note would be evidence of the *373 amount paid by the plaintiff, over and above the amount he received from Huson.
The motion is dismissed.
The whole court concurred.